FILED
2024 Jul-17 PM 02:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

ELECTRONICALLY FILED
6/14/2024 12:08 PM
08-CV-2024-900115.00
CIRCUIT COURT OF
BLOUNT COUNTY, ALABAMA
CINDY C. MASSEY, CLERK

**IN THE CIRCUIT COURT OF THE 41ST JUDICIAL CIRCUIT**
**BLOUNT COUNTY, ALABAMA**

| | | |
|---|---|---|
| **PATRICHA OWENS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **TOWN OF SNEAD, ALABAMA,** | § | |
| **An Alabama Municipality,** | § | **Case Number:** |
| | § | |
| **CASEY HATHCOCK,** | § | |
| **LOGAN HARRELSON,** | § | |
| **Individuals,** | § | |
| | § | |
| **Defendants,** | § | |

---

## COMPLAINT

---

**COMES NOW** Plaintiff Patricha Owens, by and through her undersigned counsel, and for her Complaint against the Town of Snead, Alabama, an Alabama Municipality, and Defendants Snead Police Officers Casey Hathcock and Logan Harrelson, individually, hereby states and alleges as follows:

### JURISDICTION AND VENUE

1. The Plaintiff makes claims against Defendants Hathcock and Harrelson, who were police officers employed by Defendant Town of Snead, pursuant to 42 U.S.C. §1983 for violations of her civil rights, specifically, the U.S. Constitution Fourth Amendment prohibition of the use of excessive force during an arrest or detention and unlawful arrest, and against Defendant Town of Snead pursuant to 42 U.S.C. §1983, Fourth Amendment of the U. S. Constitution, for failure of Defendant Town of Snead to adequately train, monitor and discipline Defendants Hancock and Harrelson, who were employed by the Town as police officers, regarding policy, practice and procedures relating to arrest, assault and battery and excessive use of force, for which this court has jurisdiction.

2. The Plaintiff further makes claims against Defendants Hathcock and Harrelson under the State of Alabama statutory and common law for unlawful arrest, false

imprisonment, excessive use of force, and assault and battery, conduct tantamount to criminally negligent, willful, and reckless actions.

3. The Plaintiff makes claims against the Defendant Town of Snead for the criminally negligent, careless, reckless and unskilled manner in which Defendants Hathcock and Harrelson conducted themselves at the Plaintiff's residence on June 14th and 15th, 2022, resulting in actions tantamount to assault, wrongful arrest, and excessive force.

4. The Plaintiff makes claims against Defendant Town of Snead under the provisions of the Code of Alabama §11-47-190 (1972) which provides that the municipality is liable for damages of injury suffered by a person through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefore and while acting in the line of his or her duty.

5. The incident which is the basis of this action occurred in Blount County, Alabama on June 15, 2022, at 104 Bulldog Rd., Susan Moore, Alabama 35952.

## PARTIES

6. Plaintiff is a resident citizen of Blount County, Alabama, residing at 104 Bulldog Rd., Altoona, Alabama 35952.

7. Defendant Casey Hathcock is a resident citizen of Blount County, Alabama, residing at 4589 Joy Road, Hayden, Alabama 35079.

8. Defendant Logan Harrelson is a resident citizen of Blount County, Alabama, residing at 861 Steel Plant Lake Rd., Altoona, Alabama 35952.

9. Defendant Town of Snead is an Alabama Municipality, its Town Hall located at 87169 US-278, Snead, Alabama 35952.

10. Defendants Casey Hathcock and Logan Harrelson were police officers of the Town of Snead June 14 and 15, 2022.

11. Plaintiff reserves the right to amend the names and addresses of the said Defendants if those presented herein are incorrect.

## FACTS

12. Close to midnight on June 14 and into June 15, 2022, an incident occurred at Plaintiff's residence. In the residence, Plaintiff's husband, J. D. Owens, was in bed

recovering from sickness from a recent surgery at the time. Plaintiff's granddaughter,
Kaydee Smith, and a friend of hers who was spending the night, were also there.

13. Close to midnight, the Plaintiff's doorbell rang. Plaintiff got out of bed and went to
the door. Plaintiff's son, Jefferey Dale Owens, was standing just outside the door on
the steps. The Plaintiff's yard was full of law enforcement vehicles, and multiple
officers, many with their weapons drawn. Down the two steps, to the Plaintiff's right,
towards the carport area, Defendant Casey Hathcock of the Snead Police Department
was standing with his weapon drawn and pointed at Plaintiff's son, Jeffery. Defendant
Hathcock yelled at Jeffery to come down from the doorway and get on the ground.
Jeffery immediately complied without resistance. Defendant Hathcock put his knee
on Jeffery's back and put handcuffs on him. Jeffery was detained, handcuffed, and on
his stomach, not resisting arrest. He remained in that secure position until he was
taken to a law enforcement vehicle for transport to jail.

14. Plaintiff stepped down the two steps of the doorway towards her carport, wearing her
night clothes, a moo-moo, and had nothing else with her. No one else came out of the
house. Plaintiff's granddaughter, Kaydee, was just inside the door. Plaintiff asked
Defendant Hathcock what was going on and he began yelling and cursing at her.
Plaintiff had no idea what was going on and asked Defendant Hathcock again what
was happening. Again, Defendant Hathcock refused to tell Plaintiff, and his language
became louder.

15. About that time, another Snead Police Officer, Defendant Harrelson, arrived at the
house and came to where Plaintiff and Defendant Hathcock were standing in the
carport area. Plaintiff requested that Defendant Hathcock watch his language, because
the children could hear everything he said from inside. Defendant Hathcock ignored
Plaintiff's request and completely lost his temper, continuing to curse louder.

16. Defendant Hathcock asked Defendant Harrelson to help him put handcuffs on
Plaintiff. Plaintiff attempted to tell Defendant Hathcock and Defendant Harrelson that
she had previously suffered from a problem with her right arm and shoulder and
pleaded not to be handcuffed. Defendant Hathcock demanded that she be handcuffed.
Plaintiff was still standing in the carport area, where she had been standing since
coming out of the house. As other officers took Plaintiff's son to one of their vehicles,

Defendants Hathcock and Harrelson took hold of Plaintiff, roughly and violently, and proceeded to tell her she was "going to jail for obstruction" as they attempted to put handcuffs on her behind her back. They continued to treat Plaintiff roughly and violently, causing her to fall to the ground. Plaintiff was screaming in pain while Defendants Hathcock and Harrelson forcibly handcuffed her behind her back. The resulting pain caused by Defendants Hathcock and Harrelson was extremely intense.

17. Afterwards, Plaintiff was lying and then sitting on the concrete, injured, in pain and disoriented, with multiple law enforcement officers speaking to her. At that point, one of the Defendants removed the handcuffs. Plaintiff's arm, shoulder and hands were injured, bleeding, and hurt intensely. Plaintiff's arm and shoulder were swollen. Plaintiff went to the doctor that same night. Plaintiff suffered from lacerations and a sprained shoulder.

18. Plaintiff has suffered great emotional and mental pain from the way in which she was treated. For this violation of civil rights, unlawful arrest, false imprisonment, excessive use of force during an arrest, assault and the injury and emotional distress as a result, Plaintiff Patricha Owens seeks money damages based upon her rights under the Fourth Amendment of the United States Constitution, and under the State of Alabama laws of statutory and common law.

19. Plaintiff, a 68-year-old woman who was unarmed, and calm, only desiring to know what was happening at her home at midnight, was arrested where just minutes before she had been sleeping after tending to her sick husband, young granddaughter and granddaughter's friend, at a time when there was no apparent threat at the scene.

20. There was no "tense, uncertain, and rapidly evolving situation" in which the officer had to make a "split-second judgement" about how much force to use. Plaintiff's son was compliant, handcuffed, secured and lying on the ground, under the constant attention of a law enforcement officer prior to Defendants Hathcock and Harrelsons actions. Any threat no longer existed. Plaintiff's son was taken to a law enforcement vehicle during the Defendants conflict with Plaintiff.

21. On the day Plaintiff was arrested, Defendants Hathcock and Harrelson should have known that hand-cuffing a non-threatening, non-fleeing person from the back rather

than the front constitutes excessive force when the arresting officer knows or should have known of a medical condition that could be aggravated by such handcuffing.

22. The Town of Snead which employs such officers have a responsibility to train and supervise police officers with respect to a procedure as routine and frequent as the arrest of a person with a medical condition in non-exigent circumstances.

23. The unnecessary and abusive use of force in this case, the indifference with which the dignity and basic needs of a citizen were disregarded by Defendant Hathcock and Defendant Harrelson, and the Town of Snead's deliberate failure to train, supervise and monitor such conduct caused and exacerbated the injuries sustained by the Plaintiff.

24. Defendants should be held jointly and severally liable for the use of excessive force, assault, unlawful arrest on Plaintiff. So too should the Defendant Town of Snead be held liable for failing to train, supervise and monitor its officers in their use of excessive force. Plaintiff avers that the Defendant Town is also liable for damages caused by the actions of its Police Officers pursuant to Code of Alabama §11-47-190 (1972).

### *The Abusive and Unnecessary Handcuffing*

25. Having been demanded to put her hands behind her back, Plaintiff immediately requested that she not be handcuffed in the back. Defendant Hathcock and Defendant Harrelson were mere inches away from Plaintiff, pulling and forcefully grabbing her arms, clearly heard but refused Plaintiff's plea and request.

26. Defendants Hathcock and Harrelson had no justifiable reason to handcuff Plaintiff. Plaintiff did not pose any threat to anyone on the scene: she was unarmed, calm, collected, and fully cooperative. Her son was compliant and secured with handcuffs, lying on the ground. Defendants Hathcock and Harrelson began attempting to wrongfully arrest Plaintiff by forcing her arms behind her back, which caused her to fall to the ground and scream in pain, as Defendant Harrelson forcefully handcuffed Plaintiff on the ground, he stated that she was "under arrest for obstruction." In light of these conditions, Plaintiff's clear and unequivocal statement that handcuffing her would cause her shoulder harm due to her recent surgery, shows that the actions of

Defendants Hathcock and Harrelson was a disproportional, excessive and violent use of force. Absolutely no force was necessary.

## FIRST CAUSE OF ACTION
### Excessive Force in Violation of the Fourth Amendment U. S. Constitution and 42 U.S.C. §1983 (As to Defendants Hathcock and Harrelson)

27. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

28. Defendants Hathcock and Harrelson, jointly and severally, deprived Plaintiff of clearly established rights secured to her under the United States Constitutuion, specifically the Fourth Amendment rights to be free from the use of excessive force against one's person.

29. Defendants Hathcock and Harrelson's use of excessive and violative force in handcuffing Plaintiff was unreasonable, unnecessary, and illegal.

30. Any reasonable police officer in the position of Defendants Hathcock and Harrelson would have and should have known that the force being used against Plaintiff was unconstitutional.

31. Any reasonable police officer in the position of Defendants Hathcock and Harrelson would have and should have known that they have a duty to take reasonable measures to prevent harm to Plaintiff, including questioning her if she had a previous condition which their action in handcuffing her would aggravate.

32. Defendants Hathcock and Harrelson's conduct resulted in physical injury to Plaintiff. As a result, Plaintiff suffered from lacerations on her hands, arm, and shoulder.

33. Defendants Hathcock and Harrelson's conduct resulted in psychological injury to Plaintiff. Since her arrest, Plaintiff has experienced mental anguish, humiliation, emotional distress, loss of enjoyment of life, and other non-pecuniary losses.

34. Defendants Hathcock and Harrelson's conduct was the moving force and the proximate and producing cause of the aforementioned injuries.

35. Due to the injuries suffered by Plaintiff, she is entitled to compensatory, economic, and consequential damages, in amounts to be determined at trial. As a further result of Defendant's unlawful conduct, Plaintiff has incurred special damages, including expenses related to the cause of her injuries.

36. In depriving Plaintiff of her rights under the United States Constitutuion, Defendants Hathcock and Harrelson acted illegally, and omissions were conducted within the scope of their respective official duties or employment.

**SECOND CAUSE OF ACTION**
**Failure to Train, Supervise and Monitor (As to Defendant Town of Snead)**
**(42 U.S.C. §1983) (Fourth Amendment)**

37. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

38. The Snead Police Department is a department within the Town of Snead, named Defendant in this case.

39. At all times relevant to this action, Defendant Town had policymaking authority and otherwise controlled the training and supervisory practices of the Snead Police Department.

40. Defendant Town has a policy, practice and custom of failing to train and supervise police officers with respect to a clear constitutional duty implicated in a recurrent situation that police officers are certain to face—i.e., the routine handcuffing of arrestees who pose no threat or risk of flight and who, to the knowledge of the arresting officer, suffer from pain that will be aggravated by handcuffing them from behind the back.

41. Defendant Town should have known that Snead Police Department officers would be placed in such a recurrent situation. Defendant Town should have known that, in such a situation, its officers have a clear constitutional duty to avoid excessive force by handcuffing the suspect from the front rather than the back. Defendant Town should have known that its officers would lack the legal knowledge necessary to avoid the application of excessive force in that situation without training and supervision, including the issue of handcuffing otherwise-cooperative, non-threatening, calm citizens.

42. Through the adoption of this policy, practice and custom of failing to train and supervise its police officers to prevent the use of excessive force, Defendant Town acted with deliberate indifference to the clearly established rights secured to Plaintiff

under the United States Constitution, specifically the Fourth Amendment rights to be free of the use of excessive force against one's person.

43. By engaging in acts of excessive force against Plaintiff that resulted in injuries to her person, Defendants Hathcock and Harrelson, were acting pursuant to, and within the scope of, Defendant Town's policies, practices and customs of failing to train and supervise Snead Police Department officers.

44. By failing to intervene to prevent acts of excessive force against Plaintiff that resulted in injuries to her person, Defendants Hathcock and Harrelson were acting pursuant to, and within the scope of, Defendant Town's policies, practices and customs of failing to train and supervise Snead Police Department officers.

45. Defendant Town's policies, practices and customs of failing to train and supervise Snead Police Department officers were the moving force and the proximate cause of Plaintiff's injuries.

46. Due to the injuries suffered by Plaintiff, she is entitled to compensatory, economic, and consequential damages, in amounts to be determined at trial. As a further result of Defendant's unlawful conduct, Plaintiff has incurred special damages, including expenses related to injury. She may continue to incur other expenses and other special damages, in amounts to be established at trial.

47. In depriving Plaintiff of her rights under the United States Constitution, Defendant Town acted under color of law in its Town as a municipal entity organized under the laws of Alabama, and its actions and omissions were conducted within the scope of Defendant Town's official duties. This deprivation under color of law is actionable and may be redressed by 42 U.S.C. § 1983.

## THIRD CAUSE OF ACTION
### Alabama State Law Claims for Assault, Battery and Negligence (As to Defendants Hathcock and Harrelson)

48. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

49. Plaintiff asserts actions and omissions by Defendants Hathcock and Harrelson in the use of excessive force, committed "negligent" assault upon the Plaintiff resulting in injuries for which she should be compensated, in amounts to be established at trial.

50. The acts or omissions of these Defendants, as described herein, deprived Plaintiff of her rights under Alabama State Law and caused her the injuries described in this Complaint. In all of their actions, Defendants were acting as Snead Police Officers under color of law.

**FORTH CAUSE OF ACTION**
**Alabama State Law Claims for Intentional Infliction of Emotional Distress**
**(As to Defendants Hathcock and Harrelson)**

51. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

52. Plaintiff asserts violations of Alabama State Law relative to the intentional torts by Defendants Hathcock and Harrelson, including wrongful arrest, assault and battery and use of excessive force.

53. Defendants Hathcock and Harrelson acted intentionally, as described herein, to deprive Plaintiff of her civil rights under Alabama State Law and caused her the injuries described in this Complaint.

54. As a direct and proximate result of the intentional acts of Defendants Hathcock and Harrelson described herein, Plaintiff has experienced physical injuries to her arm and shoulder, emotional and psychological injuries including humiliation, emotional distress, loss of enjoyment of life, and other non-pecuniary losses, the damages for which to be established at trial.

55. Defendants Hathcock and Harrelson engaged in extreme, violent and outrageous conduct and acted maliciously and with specific intent to oppress and harm Plaintiff or with reckless disregard for the consequences of their actions and omissions.

**FIFTH CAUSE OF ACTION**
**Alabama State Law Claims**
**(As to Defendant Town of Snead)**

56. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

57. Plaintiff asserts violations of Alabama State Law by Defendant Town of Snead regarding the training, supervision, and monitoring of it officers, including Defendants Hathcock and Harrelson, the damages for which to be established at trial.

58. As a matter of Alabama State Law, Code of Alabama §11-47-190 (1972) Defendant Town of Snead is vicariously liable for all conduct of, or attributable to it agents, Snead Police Officers Defendants Hathcock and Harrelson, which caused Plaintiff injury, the damages for which are to be established at trial.

## JURY DEMAND

59. Plaintiff requests a trial by jury.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays that this Honorable Court will, upon proper service of the Defendants of this Complaint, and after appropriate time for pleadings and discovery, set this matter for trial by jury, and that the said jury determine the liabilities of the Defendant, and the amount of damages due to the Plaintiff.

Respectfully submitted, this 14th day of June, 2024.

_____
**J. ROBERT BENTLEY (BEN003)**
**COUNSEL FOR PATRICHA OWENS**

**OF COUNSEL:**
J. ROBERT BENTLEY
332 1st Avenue East
Post Office Box 788
Snead, Alabama 35121
(205) 625-3063
jrobertbentleylaw@gmail.com

| | | |
|---|---|---|
| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>08-CV-2024-900115.00 |

### IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA
### PATRICHA H. OWENS V. CASEY HATHCOCK ET AL

**NOTICE TO:** TOWN OF SNEAD, 87169 US-278, SNEAD, AL 35952

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), J. ROBERT BENTLEY

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: P. O. BOX 788, ONEONTA, AL 35121

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

PATRICHA H. OWENS

*[Name(s)]*

| 06/14/2024 | /s/ CINDY C. MASSEY | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ J. ROBERT BENTLEY

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

in _____ County, Alabama on

*(First and Last Name of Person Served)*  *(Name of County)*  *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*  *(Name of County)*  *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*  *(Server's Signature)*  *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*  *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*  *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>08-CV-2024-900115.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA
### PATRICHA H. OWENS V. CASEY HATHCOCK ET AL

**NOTICE TO:** CASEY HATHCOCK, 4589 JOY ROAD, HAYDEN, AL 35079

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), J. ROBERT BENTLEY

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: P. O. BOX 788, ONEONTA, AL 35121

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

_____
*[Name(s)]*

| 06/14/2024 | /s/ CINDY C. MASSEY | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

[ ] Certified Mail is hereby requested.

_____
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

[ ] Return receipt of certified mail received in this office on _____.

*(Date)*

*Personal/Authorized*

[ ] I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____.

*(First and Last Name of Person Served)*      *(Name of County)*                              *(Date)*

Document left:

[ ] with above-named Defendant;

[ ] with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

[ ] I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*      *(Name of County)*                              *(Date)*

[ ] the above-named Defendant;

[ ] an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>08-CV-2024-900115.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA
### PATRICHA H. OWENS V. CASEY HATHCOCK ET AL

**NOTICE TO:** LOGAN HARRELSON, 861 STEEL PLANT LAKE RD., ALTOONA, AL 35952

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), J. ROBERT BENTLEY

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: P. O. BOX 788, ONEONTA, AL 35121

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 06/14/2024 | /s/ CINDY C. MASSEY | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____

*(First and Last Name of Person Served)*  *(Name of County)*  *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*  *(Name of County)*  *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*  *(Server's Signature)*  *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*  *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*  *(Telephone Number of Designated Process Server)*

DOCUMENT 5

ELECTRONICALLY FILED
6/16/2024 4:08 PM
08-CV-2024-900115.00
CIRCUIT COURT OF
BLOUNT COUNTY, ALABAMA
CINDY C. MASSEY, CLERK

## IN THE CIRCUIT COURT OF THE 41ST JUDICIAL CIRCUIT
## BLOUNT COUNTY, ALABAMA

| | | |
|---|---|---|
| **PATRICHA OWENS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **TOWN OF SNEAD, ALABAMA,** | § | |
| **An Alabama Municipality,** | § | **Case Number: 08-CV-2024-900115.00** |
| | § | |
| **CASEY HATHCOCK,** | § | |
| **LOGAN HARRELSON,** | § | |
| **Individuals,** | § | |
| | § | |
| **Defendants,** | § | |

---

## AMENDED COMPLAINT

---

Plaintiff files this amendment to its original complaint to correct the electronic signature of counsel. There are no other changes to the complaint.

**COMES NOW** Plaintiff Patricha Owens, by and through her undersigned counsel, and for her Complaint against the Town of Snead, Alabama, an Alabama Municipality, and Defendants Snead Police Officers Casey Hathcock and Logan Harrelson, individually, hereby states and alleges as follows:

### JURISDICTION AND VENUE

1. The Plaintiff makes claims against Defendants Hathcock and Harrelson, who were police officers employed by Defendant Town of Snead, pursuant to 42 U.S.C. §1983 for violations of her civil rights, specifically, the U.S. Constitution Fourth Amendment prohibition of the use of excessive force during an arrest or detention and unlawful arrest, and against Defendant Town of Snead pursuant to 42 U.S.C. §1983, Fourth Amendment of the U. S. Constitution, for failure of Defendant Town of Snead to adequately train, monitor and discipline Defendants Hancock and Harrelson, who were employed by the Town as police officers, regarding policy,

practice and procedures relating to arrest, assault and battery and excessive use of force, for which this court has jurisdiction.

2. The Plaintiff further makes claims against Defendants Hathcock and Harrelson under the State of Alabama statutory and common law for unlawful arrest, false imprisonment, excessive use of force, and assault and battery, conduct tantamount to criminally negligent, willful, and reckless actions.

3. The Plaintiff makes claims against the Defendant Town of Snead for the criminally negligent, careless, reckless and unskilled manner in which Defendants Hathcock and Harrelson conducted themselves at the Plaintiff's residence on June 14th and 15th, 2022, resulting in actions tantamount to assault, wrongful arrest, and excessive force.

4. The Plaintiff makes claims against Defendant Town of Snead under the provisions of the Code of Alabama §11-47-190 (1972) which provides that the municipality is liable for damages of injury suffered by a person through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefore and while acting in the line of his or her duty.

5. The incident which is the basis of this action occurred in Blount County, Alabama on June 15, 2022, at 104 Bulldog Rd., Susan Moore, Alabama 35952.

## **PARTIES**

6. Plaintiff is a resident citizen of Blount County, Alabama, residing at 104 Bulldog Rd., Altoona, Alabama 35952.

7. Defendant Casey Hathcock is a resident citizen of Blount County, Alabama, residing at 4589 Joy Road, Hayden, Alabama 35079.

8. Defendant Logan Harrelson is a resident citizen of Blount County, Alabama, residing at 861 Steel Plant Lake Rd., Altoona, Alabama 35952.

9. Defendant Town of Snead is an Alabama Municipality, its Town Hall located at 87169 US-278, Snead, Alabama 35952.

10. Defendants Casey Hathcock and Logan Harrelson were police officers of the Town of Snead June 14 and 15, 2022.

11. Plaintiff reserves the right to amend the names and addresses of the said Defendants if those presented herein are incorrect.

## **FACTS**

**12.** Close to midnight on June 14 and into June 15, 2022, an incident occurred at Plaintiff's residence. In the residence, Plaintiff's husband, J. D. Owens, was in bed recovering from sickness from a recent surgery at the time. Plaintiff's granddaughter, Kaydee Smith, and a friend of hers who was spending the night, were also there.

**13.** Close to midnight, the Plaintiff's doorbell rang. Plaintiff got out of bed and went to the door. Plaintiff's son, Jefferey Dale Owens, was standing just outside the door on the steps. The Plaintiff's yard was full of law enforcement vehicles, and multiple officers, many with their weapons drawn. Down the two steps, to the Plaintiff's right, towards the carport area, Defendant Casey Hathcock of the Snead Police Department was standing with his weapon drawn and pointed at Plaintiff's son, Jeffery. Defendant Hathcock yelled at Jeffery to come down from the doorway and get on the ground. Jeffery immediately complied without resistance. Defendant Hathcock put his knee on Jeffery's back and put handcuffs on him. Jeffery was detained, handcuffed, and on his stomach, not resisting arrest. He remained in that secure position until he was taken to a law enforcement vehicle for transport to jail.

**14.** Plaintiff stepped down the two steps of the doorway towards her carport, wearing her night clothes, a moo-moo, and had nothing else with her. No one else came out of the house. Plaintiff's granddaughter, Kaydee, was just inside the door. Plaintiff asked Defendant Hathcock what was going on and he began yelling and cursing at her. Plaintiff had no idea what was going on and asked Defendant Hathcock again what was happening. Again, Defendant Hathcock refused to tell Plaintiff, and his language became louder.

**15.** About that time, another Snead Police Officer, Defendant Harrelson, arrived at the house and came to where Plaintiff and Defendant Hathcock were standing in the carport area. Plaintiff requested that Defendant Hathcock watch his language, because the children could hear everything he said from inside. Defendant Hathcock ignored Plaintiff's request and completely lost his temper, continuing to curse louder.

**16.** Defendant Hathcock asked Defendant Harrelson to help him put handcuffs on Plaintiff. Plaintiff attempted to tell Defendant Hathcock and Defendant Harrelson that she had previously suffered from a problem with her right arm and shoulder and

pleaded not to be handcuffed. Defendant Hathcock demanded that she be handcuffed. Plaintiff was still standing in the carport area, where she had been standing since coming out of the house. As other officers took Plaintiff's son to one of their vehicles, Defendants Hathcock and Harrelson took hold of Plaintiff, roughly and violently, and proceeded to tell her she was "going to jail for obstruction" as they attempted to put handcuffs on her behind her back. They continued to treat Plaintiff roughly and violently, causing her to fall to the ground. Plaintiff was screaming in pain while Defendants Hathcock and Harrelson forcibly handcuffed her behind her back. The resulting pain caused by Defendants Hathcock and Harrelson was extremely intense.

17. Afterwards, Plaintiff was lying and then sitting on the concrete, injured, in pain and disoriented, with multiple law enforcement officers speaking to her. At that point, one of the Defendants removed the handcuffs. Plaintiff's arm, shoulder and hands were injured, bleeding, and hurt intensely. Plaintiff's arm and shoulder were swollen. Plaintiff went to the doctor that same night. Plaintiff suffered from lacerations and a sprained shoulder.

18. Plaintiff has suffered great emotional and mental pain from the way in which she was treated. For this violation of civil rights, unlawful arrest, false imprisonment, excessive use of force during an arrest, assault and the injury and emotional distress as a result, Plaintiff Patricha Owens seeks money damages based upon her rights under the Fourth Amendment of the United States Constitution, and under the State of Alabama laws of statutory and common law.

19. Plaintiff, a 68-year-old woman who was unarmed, and calm, only desiring to know what was happening at her home at midnight, was arrested where just minutes before she had been sleeping after tending to her sick husband, young granddaughter and granddaughter's friend, at a time when there was no apparent threat at the scene.

20. There was no "tense, uncertain, and rapidly evolving situation" in which the officer had to make a "split-second judgement" about how much force to use. Plaintiff's son was compliant, handcuffed, secured and lying on the ground, under the constant attention of a law enforcement officer prior to Defendants Hathcock and Harrelsons actions. Any threat no longer existed. Plaintiff's son was taken to a law enforcement vehicle during the Defendants conflict with Plaintiff.

21. On the day Plaintiff was arrested, Defendants Hathcock and Harrelson should have known that hand-cuffing a non-threatening, non-fleeing person from the back rather than the front constitutes excessive force when the arresting officer knows or should have known of a medical condition that could be aggravated by such handcuffing.

22. The Town of Snead which employs such officers have a responsibility to train and supervise police officers with respect to a procedure as routine and frequent as the arrest of a person with a medical condition in non-exigent circumstances.

23. The unnecessary and abusive use of force in this case, the indifference with which the dignity and basic needs of a citizen were disregarded by Defendant Hathcock and Defendant Harrelson, and the Town of Snead's deliberate failure to train, supervise and monitor such conduct caused and exacerbated the injuries sustained by the Plaintiff.

24. Defendants should be held jointly and severally liable for the use of excessive force, assault, unlawful arrest on Plaintiff. So too should the Defendant Town of Snead be held liable for failing to train, supervise and monitor its officers in their use of excessive force. Plaintiff avers that the Defendant Town is also liable for damages caused by the actions of its Police Officers pursuant to Code of Alabama §11-47-190 (1972).

### *The Abusive and Unnecessary Handcuffing*

25. Having been demanded to put her hands behind her back, Plaintiff immediately requested that she not be handcuffed in the back. Defendant Hathcock and Defendant Harrelson were mere inches away from Plaintiff, pulling and forcefully grabbing her arms, clearly heard but refused Plaintiff's plea and request.

26. Defendants Hathcock and Harrelson had no justifiable reason to handcuff Plaintiff. Plaintiff did not pose any threat to anyone on the scene: she was unarmed, calm, collected, and fully cooperative. Her son was compliant and secured with handcuffs, lying on the ground. Defendants Hathcock and Harrelson began attempting to wrongfully arrest Plaintiff by forcing her arms behind her back, which caused her to fall to the ground and scream in pain, as Defendant Harrelson forcefully handcuffed Plaintiff on the ground, he stated that she was "under arrest for obstruction." In light of these conditions, Plaintiff's clear and unequivocal statement that handcuffing her

would cause her shoulder harm due to her recent surgery, shows that the actions of Defendants Hathcock and Harrelson was a disproportional, excessive and violent use of force. Absolutely no force was necessary.

## FIRST CAUSE OF ACTION
### Excessive Force in Violation of the Fourth Amendment U. S. Constitution and 42 U.S.C. §1983 (As to Defendants Hathcock and Harrelson)

27. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

28. Defendants Hathcock and Harrelson, jointly and severally, deprived Plaintiff of clearly established rights secured to her under the United States Constitutuion, specifically the Fourth Amendment rights to be free from the use of excessive force against one's person.

29. Defendants Hathcock and Harrelson's use of excessive and violative force in handcuffing Plaintiff was unreasonable, unnecessary, and illegal.

30. Any reasonable police officer in the position of Defendants Hathcock and Harrelson would have and should have known that the force being used against Plaintiff was unconstitutional.

31. Any reasonable police officer in the position of Defendants Hathcock and Harrelson would have and should have known that they have a duty to take reasonable measures to prevent harm to Plaintiff, including questioning her if she had a previous condition which their action in handcuffing her would aggravate.

32. Defendants Hathcock and Harrelson's conduct resulted in physical injury to Plaintiff. As a result, Plaintiff suffered from lacerations on her hands, arm, and shoulder.

33. Defendants Hathcock and Harrelson's conduct resulted in psychological injury to Plaintiff. Since her arrest, Plaintiff has experienced mental anguish, humiliation, emotional distress, loss of enjoyment of life, and other non-pecuniary losses.

34. Defendants Hathcock and Harrelson's conduct was the moving force and the proximate and producing cause of the aforementioned injuries.

35. Due to the injuries suffered by Plaintiff, she is entitled to compensatory, economic, and consequential damages, in amounts to be determined at trial. As a further result of

Defendant's unlawful conduct, Plaintiff has incurred special damages, including expenses related to the cause of her injuries.

36. In depriving Plaintiff of her rights under the United States Constitutuion, Defendants Hathcock and Harrelson acted illegally, and omissions were conducted within the scope of their respective official duties or employment.

## SECOND CAUSE OF ACTION
### Failure to Train, Supervise and Monitor (As to Defendant Town of Snead)
### (42 U.S.C. §1983) (Fourth Amendment)

37. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

38. The Snead Police Department is a department within the Town of Snead, named Defendant in this case.

39. At all times relevant to this action, Defendant Town had policymaking authority and otherwise controlled the training and supervisory practices of the Snead Police Department.

40. Defendant Town has a policy, practice and custom of failing to train and supervise police officers with respect to a clear constitutional duty implicated in a recurrent situation that police officers are certain to face—i.e., the routine handcuffing of arrestees who pose no threat or risk of flight and who, to the knowledge of the arresting officer, suffer from pain that will be aggravated by handcuffing them from behind the back.

41. Defendant Town should have known that Snead Police Department officers would be placed in such a recurrent situation. Defendant Town should have known that, in such a situation, its officers have a clear constitutional duty to avoid excessive force by handcuffing the suspect from the front rather than the back. Defendant Town should have known that its officers would lack the legal knowledge necessary to avoid the application of excessive force in that situation without training and supervision, including the issue of handcuffing otherwise-cooperative, non-threatening, calm citizens.

42. Through the adoption of this policy, practice and custom of failing to train and supervise its police officers to prevent the use of excessive force, Defendant Town

acted with deliberate indifference to the clearly established rights secured to Plaintiff under the United States Constitution, specifically the Fourth Amendment rights to be free of the use of excessive force against one's person.

43. By engaging in acts of excessive force against Plaintiff that resulted in injuries to her person, Defendants Hathcock and Harrelson, were acting pursuant to, and within the scope of, Defendant Town's policies, practices and customs of failing to train and supervise Snead Police Department officers.

44. By failing to intervene to prevent acts of excessive force against Plaintiff that resulted in injuries to her person, Defendants Hathcock and Harrelson were acting pursuant to, and within the scope of, Defendant Town's policies, practices and customs of failing to train and supervise Snead Police Department officers.

45. Defendant Town's policies, practices and customs of failing to train and supervise Snead Police Department officers were the moving force and the proximate cause of Plaintiff's injuries.

46. Due to the injuries suffered by Plaintiff, she is entitled to compensatory, economic, and consequential damages, in amounts to be determined at trial. As a further result of Defendant's unlawful conduct, Plaintiff has incurred special damages, including expenses related to injury. She may continue to incur other expenses and other special damages, in amounts to be established at trial.

47. In depriving Plaintiff of her rights under the United States Constitution, Defendant Town acted under color of law in its Town as a municipal entity organized under the laws of Alabama, and its actions and omissions were conducted within the scope of Defendant Town's official duties. This deprivation under color of law is actionable and may be redressed by 42 U.S.C. § 1983.

## THIRD CAUSE OF ACTION
### Alabama State Law Claims for Assault, Battery and Negligence (As to Defendants Hathcock and Harrelson)

48. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

49. Plaintiff asserts actions and omissions by Defendants Hathcock and Harrelson in the use of excessive force, committed "negligent" assault upon the Plaintiff resulting in injuries for which she should be compensated, in amounts to be established at trial.

50. The acts or omissions of these Defendants, as described herein, deprived Plaintiff of her rights under Alabama State Law and caused her the injuries described in this Complaint. In all of their actions, Defendants were acting as Snead Police Officers under color of law.

## FORTH CAUSE OF ACTION
### Alabama State Law Claims for Intentional Infliction of Emotional Distress
### (As to Defendants Hathcock and Harrelson)

51. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

52. Plaintiff asserts violations of Alabama State Law relative to the intentional torts by Defendants Hathcock and Harrelson, including wrongful arrest, assault and battery and use of excessive force.

53. Defendants Hathcock and Harrelson acted intentionally, as described herein, to deprive Plaintiff of her civil rights under Alabama State Law and caused her the injuries described in this Complaint.

54. As a direct and proximate result of the intentional acts of Defendants Hathcock and Harrelson described herein, Plaintiff has experienced physical injuries to her arm and shoulder, emotional and psychological injuries including humiliation, emotional distress, loss of enjoyment of life, and other non-pecuniary losses, the damages for which to be established at trial.

55. Defendants Hathcock and Harrelson engaged in extreme, violent and outrageous conduct and acted maliciously and with specific intent to oppress and harm Plaintiff or with reckless disregard for the consequences of their actions and omissions.

## FIFTH CAUSE OF ACTION
### Alabama State Law Claims
### (As to Defendant Town of Snead)

56. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

57. Plaintiff asserts violations of Alabama State Law by Defendant Town of Snead regarding the training, supervision, and monitoring of it officers, including Defendants Hathcock and Harrelson, the damages for which to be established at trial.

58. As a matter of Alabama State Law, Code of Alabama §11-47-190 (1972) Defendant Town of Snead is vicariously liable for all conduct of, or attributable to it agents, Snead Police Officers Defendants Hathcock and Harrelson, which caused Plaintiff injury, the damages for which are to be established at trial.

## JURY DEMAND

59. Plaintiff requests a trial by jury.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays that this Honorable Court will, upon proper service of the Defendants of this Complaint, and after appropriate time for pleadings and discovery, set this matter for trial by jury, and that the said jury determine the liabilities of the Defendant, and the amount of damages due to the Plaintiff.

Respectfully submitted, this 14th day of June, 2024.

/s/ J. Robert Bentley
**J. ROBERT BENTLEY (BEN003)**
**COUNSEL FOR PATRICHA OWENS**

**OF COUNSEL:**
J. ROBERT BENTLEY
332 1st Avenue East
Post Office Box 788
Snead, Alabama 35121
(205) 625-3063
jrobertbentleylaw@gmail.com

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>08-CV-2024-900115.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA**
**PATRICHA H. OWENS V. CASEY HATHCOCK ET AL**

**NOTICE TO:** CASEY HATHCOCK, 4589 JOY ROAD, HAYDEN, AL 35079    ( Snead RD )  Snead P.D

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
J. ROBERT BENTLEY                                                              ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: P. O. BOX 788, ONEONTA, AL 35121                              .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request below of _____
pursuant to the Alabama Rules of the Civil Procedure.                                          *[Name(s)]*

06/14/2024                          /s/ CINDY C. MASSEY              By: _____
*(Date)*                          *(Signature of Clerk)*                    *(Name)*

☐ Certified Mail is hereby requested.    _____
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____
*(Date)*

*Personal/Authorized*

☑ I certify that I personally delivered a copy of this Summons and the Complaint or other document to RECEIVED
Casey Hathcock (adlta)  in  Blount  County, Alabama on  JUN 17 2024
*(First and Last Name of Person Served)*        *(Name of County)*                  *(Date)*

Document left:    FILED

☐ with above-named Defendant;

☑ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;    JUN 20 2024

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.    CINDY C. MASSEY
Clerk of the Court
Blount County, AL

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____
in _____ County, Alabama on _____ who is:
*(First and Last Name of Person Served)*    *(Name of County)*              *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| | | |
|---|---|---|
| Sgt 107 | *(Server's Signature)* | BCSD |
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| *(Badge or Precinct Number of Sheriff or Constable)* | Hollon Chris<br>*(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | **Service Return Copy** |



**ORIGINAL**

*Mailed to Etowah Co.*
*6/17/24 SN*

| State of Alabama Unified Judicial System Form C-34 Rev. 7/2023 | **SUMMONS** **- CIVIL -** | **Court Case Number** 08-CV-2024-900115.00 |

**IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA**
**PATRICHA H. OWENS V. CASEY HATHCOCK ET AL**

**NOTICE TO:** LOGAN HARRELSON, 861 STEEL PLANT LAKE RD., ALTOONA, AL 35952

*24-3326*

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), J. ROBERT BENTLEY

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: P. O. BOX 788, ONEONTA, AL 35121

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

JUN 17 2024

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 06/14/2024 | /s/ CINDY C. MASSEY | By |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

[ ] Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

[ ] Return receipt of certified mail received in this office on _____

*(Date)*

*Personal/Authorized*

[✓] I certify that I personally delivered a copy of this Summons and the Complaint or other document to *Logan Harrelson* in *Etowah* County, Alabama on _____

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

**FILED**

Document left:

[ ] with above-named Defendant;

[ ] with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

JUL 11 2024

CINDY C. MASSEY
Clerk of the Court
Blount County, Al

*Return of Non-Service*

[ ] I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

[ ] the above-named Defendant;

[ ] an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, am not a party to this proceeding, and am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*    *(Server's Signature)*    *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Telephone Number of Designated Process Server)*

**Service Return Copy**



ORIGINAL